UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:17-CR-048-BLW |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JAMIE DUFAU, | |
| Defendant. | |

## INTRODUCTION

The Court has before it a motion to dismiss filed by the defendant Dufau. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Dufau has been indicted for concealing a person from arrest in violation of 18 U.S.C. § 1071. The Indictment alleges that Dufau harbored and concealed Droshawn Griggs, knowing that an arrest warrant had been issued for Griggs.

Before returning this Indictment, the Grand Jury heard testimony from United States Marshal Ryan Weishaar who was attempting to execute the arrest warrant on Griggs. Weishaar testified that he interviewed Dufau on January 12, 2017, and informed her that he had an arrest warrant for Griggs. About a month later, Dufau rented a car in her name and drove to a location where Weishaar believed Griggs was hiding. About two hours after Dufau rented the car, the car was spotted at Griggs' residence. The next

**Memorandum Decision & Order – page 1**

day, Griggs was observed driving the rental car and was arrested. The Government alleges that Dufau rented the car in her own name and provided it to Griggs so that he could avoid arrest.

Dufau argues that the Government failed to instruct the Grand Jury on all the elements of the crime of harboring under § 1071. Specifically, Dufau argues that the Grand Jury was never instructed on two crucial elements of the offense: (1) that a defendant must harbor or conceal the fugitive; and (2) that by such actions, the defendant intended to prevent the fugitive's discovery or arrest. *See U.S. v. Bahna,* 413 F.Supp.2d 1095, 1097 (C.D.Cal. 2005).

The Court has reviewed the transcript of Weishaar's testimony before the Grand Jury, provided by counsel, and cannot find any instruction on these two elements. The Ninth Circuit has held that "[e]rroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment." *U.S. v. Wright,* 667 F.2d 793, 796 (9th Cir. 1982). Rather, dismissal for improper instructions is warranted only where "the conduct of the prosecutor was so 'flagrant' it deceived the grand jury in a significant way infringing on their ability to exercise independent judgment." *U.S. v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989) (overruled on other grounds by *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794 (1989)). The movant "must show that the grand jury's independence was so undermined that it could not make an informed and unbiased determination of probable cause." *Id.* Moreover, a prosecutor need not even instruct the grand jury on the law to secure an indictment. *U.S. v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981). In fact, the Ninth Circuit has expressed a concern that "the giving of such instructions portends

**Memorandum Decision & Order – page 2**

protracted review of their adequacy and correctness by the trial court during motions to dismiss, not to mention later appellate review." *Id*.

In *Larrazolo*, the definition of conspiracy offered to the Grand Jury failed to include the requirements of criminal intent and knowledge. *Id.* at 1359. Nevertheless, the Ninth Circuit held that the erroneous instructions did not require dismissal because defendants had not "shown the erroneous instructions influenced the decision to indict or created a 'grave doubt' that the decision to indict was free from the substantial influence of such a violation." *Id.*

The same result follows here. The Grand Jury heard testimony that just two hours after renting the car, Dufau apparently provided it to Griggs, who was driving it when he was arrested. From these facts, the Grand Jury could reasonably infer that Dufau rented the car with the intent to harbor or conceal Griggs. Thus, the failure to instruct on the two elements hardly matters because the facts showed the presence of both elements. Under these circumstances, the Government's failure to instruct on every element cannot be said to have (1) influenced the Grand Jury's decision to indict or (2) created a grave doubt that the decision to indict was free from the substantial influence of the failure. The Court will therefore deny the motion to dismiss.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 14) is DENIED.

DATED: November 13, 2017



_____
B. Lynn Winmill
Chief Judge
United States District Court